UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

UNITED STATES OF AMERICA

v.  CASE NO. 8:93-cr-209-T-23EAJ
 8:14-cv-1545-T-23EAJ

BOBBY EARL LEE
_____/

**O R D E R**

     Lee moves to vacate his sentence under 28 U.S.C. § 2255 (Doc. 1) and challenges the validity of his several drug convictions, for which he serves life imprisonment. Rule 4, Rules Governing Section 2255 Cases, requires both a preliminary review of the motion to vacate and a summary dismissal "[i]f it plainly appears from the face of the motion, any attached exhibits, and the record of prior proceedings that the moving party is not entitled to relief . . . ." *Accord Wright v. United States*, 624 F.2d 557, 558 (5th Cir. 1980)[1] (finding the summary dismissal of a Section 2255 motion was proper "[b]ecause in this case the record, uncontradicted by [defendant], shows that he is not entitled to relief"); *Hart v. United States*, 565 F.2d 360, 361 (5th Cir. 1978) ("Rule 4(b) [Rules Governing § 2255 Proceedings], allows the district court to summarily dismiss the motion and notify the movant if 'it plainly appears from the face of the motion and any annexed exhibits and the prior

---

[1] Unless later superseded by Eleventh Circuit precedent, a Fifth Circuit decision issued before October 1, 1981, binds this court. *Bonner v. City of Prichard*, 661 F.2d 1206, 1207 (11th Cir. 1981) (*en banc*).

proceedings in the case that the movant is not entitled to relief . . . .'"). Lee's motion is barred.

Lee previously challenged this same conviction in 8:97-cv-2994-T-23EAJ, which was denied on the merits in 2001. Lee is precluded from pursuing a second or successive motion without permission from the Eleventh Circuit Court of Appeals. "Before a second or successive application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application." 28 U.S.C. § 2244(b)(3)(A). *Felker v. Turpin*, 518 U.S. 651, 664 (1996); *Dunn v. Singletary*, 168 F.3d 440, 442 (11th Cir. 1999). The earlier denial of his motion to vacate precludes Lee from again challenging either his conviction or his sentence. *Felker*, 518 U.S. at 664 ("The new restrictions on successive petitions constitute a modified *res judicata* rule, a restraint on what is called in habeas corpus practice 'abuse of the writ.'").

This new action is, therefore, a second or successive action that is subject to specific restrictions. Section 2255(h) provides as follows:

> A second or successive motion must be certified as provided in section 2244 by a panel of the appropriate court of appeals to contain —
>
> (1) newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the movant guilty of the offense; or
> (2) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme court, that was previously unavailable.

Lee asserts entitlement to a new limitation under the retroactive application of *Descamps v. United States*, ___ U.S. ___, 133 S. Ct. 2276 (2013), and *Alleyne v. United States*, ___ U.S. ____, 133 S. Ct. 2151, 2155 (2013). *Descamps* affords Lee no new limitation even though he moves to vacate his sentence within one year of that decision. To qualify for another limitation under Section 2255(h)(2), the Supreme Court's decision must establish a new right. *Descamps* did not establish a new right and courts have regularly rejected retroactively applying *Descamps*. *See, e.g., Nipper v. Warden, FCC-Coleman*, 597 Fed. App'x 581, 583 (11th Cir. 2015)[2] ("Neither the Supreme Court nor this Court has held that *Descamps* applies retroactively on collateral review. Beyond that, *Descamps* was decided in the context of a direct appeal, and the Supreme Court has not since applied it to a case on collateral review."), *petition for cert. filed*, No. 14–9750 (May 13, 2015); *King v. United States*, ___ Fed. App'x ___, 2015 WL 1898394 (11th Cir. April 28, 2015) ("[N]either *Alleyne* nor *Descamps* apply retroactively on collateral review as required by § 2255(h)(2), and, thus, King's motion was not timely under § 2255(f)(3)."). Lee fails to represent that the circuit court has authorized him leave to file a second or successive application under Section 2255(h)(2).

Accordingly, the motion to vacate under 28 U.S.C. § 2255 (Doc. 1) is **DISMISSED**. The clerk must close this case.

---

[2] "Unpublished opinions are not considered binding precedent, but they may be cited as persuasive authority." 11th Cir. Rule 36-2.

**DENIAL OF BOTH A
CERTIFICATE OF APPEALABILITY
AND LEAVE TO APPEAL *IN FORMA PAUPERIS***

Lee is not entitled to a certificate of appealability ("COA"). A prisoner seeking a writ of habeas corpus has no absolute entitlement to appeal a district court's denial of his petition. 28 U.S.C. § 2253(c)(1). Rather, a district court must first issue a COA. Section 2253(c)(2) permits issuing a COA "only if the applicant has made a substantial showing of the denial of a constitutional right." To merit a certificate of appealability, Lee must show that reasonable jurists would find debatable both (1) the merits of the underlying claims and (2) the procedural issues he seeks to raise. *See* 28 U.S.C. § 2253(c)(2); *Slack v. McDaniel*, 529 U.S. 473, 478 (2000); *Eagle v. Linahan*, 279 F.3d 926, 935 (11th Cir 2001). Because the motion to vacate is clearly second or successive, Lee is entitled to neither a COA nor leave to appeal *in forma pauperis*.

Accordingly, a certificate of appealability is **DENIED**. Leave to appeal *in forma pauperis* is **DENIED**. Lee must obtain authorization from the circuit court to appeal *in forma pauperis*.

ORDERED in Tampa, Florida, on June 12, 2015.

STEVEN D. MERRYDAY
UNITED STATES DISTRICT JUDGE